

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 1, 1960

Hon. Coke R. Stevenson, Jr.　　　　Opinion No. WW-969
Administrator
Texas Liquor Control Board　　　　Re:　Outdoor advertising
Austin, Texas　　　　　　　　　　　　of alcoholic beverages,
　　　　　　　　　　　　　　　　　　　　as defined in Sec. 24-A,
Dear Mr. Stevenson:　　　　　　　　Article 667, Penal Code.

　　　　In connection with Section 24-A of Article 667, Penal
Code of Texas, you have asked the following questions:

　　　　1. If a sign bears any words, marks, description,
or other device advertising an alcoholic beverage and
is located anywhere outside of a premise that does not
hold a license to sell alcoholic beverages, is such
sign outdoor advertising within the meaning of the
above quoted Section?

　　　　2. If such a sign is outdoor advertising, would
a sign bearing the words "No Beer For Sale" and located
on the outside of an establishment that does not have a
license to sell beer, be in violation of the outdoor
advertising law above quoted when such sign is less than
180 square feet?

　　　　3. If your answer to question No. 2 is negative,
would the same apply to such a sign located in a dry
area?

　　　　Section 24-A of Article 667, Penal Code of Texas, reads
in part as follows:

　　　　"1. The term 'outdoor advertising' as used herein
shall mean any sign bearing any words, marks, descrip-
tion, or other device and used to advertise the alco-
holic beverage business of any person engaged in the
manufacture, sale or distribution of alcoholic bever-
ages, or in the advertisement of any beverage containing
alcohol in excess of one-half of one per cent ($\frac{1}{2}$ of 1%)

by volume, when such sign is displayed anywhere outside the walls or enclosure of any building or structure where there exists a license or permit to sell alcoholic beverages. The term 'outdoor advertising' shall not be inclusive of any advertising appearing on radio or television, or in any public vehicular conveyances for hire, or in a newspaper, magazine or other literary publication published periodically. Any such sign erected inside a building and within five (5) feet of any exterior wall of such building facing a street or highway and so placed that it may be observed by a person of ordinary vision outside the building, shall be deemed outdoor advertising. . . ."

The above quoted provision is followed by a scheme of exceptions and provisos specifically applicable in particular situations and locations.

Your question No. 1 is predicated in part upon the statutory definition of "outdoor advertising" but contains no factual situation upon which we may render an opinion valid in all conceivable situations. For example, a sign could be located "anywhere outside" of an unlicensed premise and could be (a) inside of a licensed premise, (b) inside of a purely private place, such as a home; and (c) inside of a public place. The exact location of the sign, therefore, must be known by this office before we can apply the applicable provision or exception.

Because of the infinite variety of possible fact situations which might have a bearing on our opinion, we are forced to advise you that we will be unable to give you our opinion absent specific facts.

Question No. 2 presupposes that a sign bearing the words "No Beer For Sale" is "outdoor advertising" and is used to advertise the alcoholic beverage business of any person engaged in the manufacture, sale or distribution of alcoholic beverages or that it is an advertisement of a beverage containing alcohol in excess of one-half of one per cent ($\frac{1}{2}$ of 1%) by volume. We do not agree with your premises and, in our opinion, it is immaterial where such a sign might be located, if it is erected and displayed in good faith. Such a sign does not advertise or promote the sale of any alcoholic beverage nor the alcohol beverage business. Quite the contrary, if posted in good faith, such a sign indicates to the members of the public who might be interested in such fact that no beer may be bought where the sign is displayed.

In answer to question No. 3, we hold that the same rule applies, since it makes no difference whether the area is "wet" or "dry". A sign, posted in good faith, which reads "No Beer For Sale" means what it says, and is not an advertisement for the sale of alcoholic beverages.

### SUMMARY

Whether a sign bearing any words, marks, description or other device is outdoor advertising within the meaning of the Texas Liquor Control Act must be determined by the specific facts in each situation.

A sign reading "No Beer For Sale" in either a "wet" or "dry" area does not advertise any alcoholic beverage or the alcoholic beverage business within the meaning of Section 24-A of Article 667, Penal Code.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Tom I. McFarling
Tom I. McFarling
Assistant

TIF:dhs


APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
W. Ray Scruggs
Riley Eugene Fletcher
Robert Lewis

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore